UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br>REGINA KIDD,<br>      Debtor.<br><br>REGINA KIDD,<br>      Plaintiff<br>v.<br>UNITED STATES DEPARTMENT OF EDUCATION,<br>      Defendant. | Case no. 19-10514-TWD<br>Chapter 7<br>Adv. Proc. No.<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT |

## I. PARTIES & JURISDICTION

1.1  Plaintiff is the debtor in the above-referenced proceeding. She filed a petition for relief pursuant to Title 11, Chapter 13 on February 16, 2019. She subsequently converted her case to a chapter 7 on or about March 26, 2020.

COMPLAINT TO DETERMINE DISCHARGEABILITY
OF STUDENT LOAN DEBT

Latife Neu, Attorney at Law
1825 NW 65th Street
Seattle, WA 98117
(206)297-6349
latife@neulegal.com

1

1.2   Defendant is the United States Department of Education ("DOE").

1.3   Plaintiff may serve Defendant United States Department of Education by mailing a copy of the Summons and Complaint to the United States Department of Education by certified mail return receipt requested to the below addresses:

> Secretary of Education Betsy DeVos
> U.S. Department of Education
> 400 Maryland Ave. SW
> Washington, DC 20202
>
> US Attorney
> Attn: Civil Process Clerk
> 700 Stewart Street, Ste. 5220
> Seattle, WA 98101-1271
>
> Attorney General of the United States
> Department of Justice
> 950 Pennsylvania Ave NW, Room B103
> Washington, DC 20530-0001

Federal Rule of Bankruptcy Procedure 7004(b)(4) and (5).

1.4   This Court has jurisdiction over the subject matter as an adversary proceeding under 11 U.S.C. §523(a) and 28 U.S.C. §1334.

1.6   This is a core proceeding. This is a proceeding in which the Court can enter a final judgment and over which the Court has jurisdiction pursuant to *Stern v. Marshall*, 564 U.S. 293, 131 S. Ct. 2594 (2011).

## 2.   ACTIONS GIVING RISE TO CLAIM

2.1   The Plaintiff attended Griffin Business College in Seattle for three semesters in 1990 and 1991. Griffin Business College was a struggling, for-profit school that closed permanently in 1993.

2.2   The Plaintiff recalls taking two Perkins loans totalling approximately $4,500.00 while enrolled at Griffin Business College.

2.3   Records available at www.studentaid.gov indicate that $20,677.00 in borrowing is

COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT

2

Latife Neu, Attorney at Law
1825 NW 65th Street
Seattle, WA 98117
(206)297-6349
latife@neulegal.com

attributed by the US Department of Education to Ms. Kidd in 1990-1991, in the form of 7 different loans.

2.4    Ms. Kidd disputes borrowing $20,677 merely to attend three semesters of business college.

2.5    Records available at www.studentaid.gov further indicate that the US Department of Education attributes to the debtor a currently-owed debt of $51,760, all tracing to the original disbursements in 1990-1991.  The balances now reside in two Direct Consolidation loans and 2 federally-held Perkins loans.

2.6    Records available at www.studentaid.gov show original disbursements and current balances owing as follows, ordered by dates of disbursement:

| # | Lender/loan type | Date of disbursement | Amount | Current Principal/Status |
|---|---|---|---|---|
| 1 | Sallie Mae FFELP | 4/19/1990 | $2,625 | $0 / paid by consolidation |
| 2 | USA Funds SLS | 5/14/1990 | $4,000 | $0 / paid by consolidation |
| 3 | Perkins (DOE held) | 12/31/1990 | $2,552 | $2,203 DUE |
| 4 | Sallie Mae FFELP | 1/14/1991 | $2,625 | $0 / paid by consolidation |
| 5 | Nations Bank | 1/14/1991 | $4,000 | $0 / paid by consolidation |
| 6 | Perkins (DOE held) | 5/31/1991 | $2,250 | $2 DUE |
| 7 | Sallie Mae FFELP | 9/12/1991 | $2,625 | $0 / paid by consolidation |
| 8 | USA Funds FFELP Consolidation | 2/14/1992 | $12,636 | $0 / paid by tax refund offset AND/OR consolidation |
| 9 | US Direct Consolidation Loan | 3/12/2001 & 5/18/2001 | $25,370 | $39,796 DUE |
| 10 | US Direct Consolidation Loan | 3/12/2001 | $6,221 | $9,759 DUE |

COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT

Latife Neu, Attorney at Law
1825 NW 65th Street
Seattle, WA 98117
(206)297-6349
latife@neulegal.com

2.7     Correspondence from the DOE to Ms. Kidd dated April 10, 2019, states payments of $42,629 had been applied to the loans up to that date.

2.8     Correspondence from the DOE to Ms. Kidd dated June 2, 2001, states that loans disbursed on 2/14/1992 and 2/22/1990 were paid in full as a result of a tax refund offset.  This would correspond to loan number 8 above (disbursed in the amount of $12,636 to consolidate prior loans), and one other loan that cannot be reconciled based on the available information.

2.9     The debtor has paid her loans through administrative wage garnishment fairly consistently since June, 2013.  As described above, she has paid tens of thousands of dollars toward this debt.

2.10    The Plaintiff is administrative staff employed by the Seattle School District.  She is maximizing her earning ability. She earns a consistent living, but her earnings are consumed by the high cost of living in Seattle.  She supports her son and grandson, who live with her.  Plaintiff is currently unable to pay the claimed student loan debt without hardship to herself and her dependents.

2.11    Plaintiff has used her best efforts to minimize her expenses and increase her income.  She prepares her own meals, minimizes her driving to conserve gas, and avoids expensive habits such as smoking or gambling.

2.12    Plaintiff's current income is not enough to make meaningful payments on the subject loans and still maintain a minimal standard of living.

2.13    At age 58, the Plaintiff is currently relatively healthy, but has several chronic, progressive health problems that are likely to limit her working life.  Though Ms. Kidd may be able to continue to work until the age of 65, working beyond that time is unlikely.

2.14    Plaintiff's income is not likely to increase significantly in the future.  Were she required to pay the alleged remaining balance during her remaining working years, the payments would be beyond her ability to pay and would pose an undue hardship.  Repayment over an extended repayment would result in undue hardship after retirement.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT

Latife Neu, Attorney at Law
1825 NW 65th Street
Seattle, WA 98117
(206)297-6349
latife@neulegal.com

2.16    The debtor has a good faith belief that some of the loans disbursed in 1990-1991 were the result of fraud by the school as it collapsed financially before closing forever in 1993.  Payments made on loans obtained by fraud or identity theft should be repaid to the borrower, consistent with the DOE's guidelines.

2.17    Available records indicate that some of the $51,760.00 remaining balance may be duplicative, and/or include balances that were previously paid.

2.18    The debtor has already paid $42,629.00 toward loans taken to attend three semesters of a failing business college.  It would be an undue hardship and a grave injustice to require her to pay another $51,760.00, plus interest, on this debt.

2.19    The above indicates that the Plaintiff is entitled to a total or partial hardship discharge pursuant to 11 USC 523(a)(8).  She has met all of the elements of the *Brunner* test, and is eligible for relief in light of applicable statute and case law.

### III.    PRAYER FOR RELIEF

THEREFORE, Plaintiff requests the following:

1. That the Court enter an Order declaring her student loans discharged, in their entirety, in this bankruptcy case.
2. That the Court, on a finding that some portion of the debt previously paid was the result of loans taken as a result of fraud or identity theft by the school, or the result of duplication of balances, Order that the DOE refund payments to the Debtor.

DATED May 13, 2020.

LATIFE NEU, ATTORNEY AT LAW
By:    */s/ Latife H. Neu*
Latife H. Neu, WSBA #33144
Attorney for Debtor/Plaintiff Regina Kidd

COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT

5

Page 5 of  5

Latife Neu, Attorney at Law
1825 NW 65th Street
Seattle, WA 98117
(206)297-6349
latife@neulegal.com